# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2267

_____

John V. Goetz,                *
                                    *

        Appellant,        *
                                    *   Appeal from the United States

     v.                      *   District Court for the
                                    *   District of North Dakota.

Jo Anne B. Barnhart, Commissioner of  *
Social Security,               *   [UNPUBLISHED]
                                    *

        Appellee.        *

_____

Submitted: May 18, 2006
Filed: June 2, 2006

_____

Before MURPHY, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

John V. Goetz appeals the district court's[1] order affirming the denial of disability insurance benefits. As relevant to the instant appeal, Goetz alleged disability since June 2001 from obsessive compulsive disorder (OCD). After a hearing, an administrative law judge (ALJ) determined that (1) Goetz's OCD and other medical problems were severe but not of listing-level severity; (2) his subjective complaints were not fully credible; and (3) his residual functional capacity (RFC)

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

precluded his past relevant work, but he could perform jobs a vocational expert identified in response to a hypothetical. The Appeals Council denied review, and the district court affirmed.

Goetz's only argument on appeal is that the ALJ erred by not adopting the mental RFC opinion of treating psychiatrist Elsa Remer, who rated many of Goetz's work-related abilities as poor or markedly limited. We find that the ALJ properly discounted Dr. Remer's opinion. See Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (treating physician's opinion does not automatically control because record must be evaluated as whole); Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005) (while medical source opinions are considered in assessing RFC, final RFC determination is left to ALJ). We agree with the ALJ that there were inconsistencies between Dr. Remer's RFC assessment and her treatment notes. Further, it appears that Goetz's decision to stop taking his prescribed medications at one point caused him to deteriorate and require hospitalization, see Brown v. Barnhart, 390 F.3d 535, 540-41 (8th Cir. 2004) (ALJ was free not to give controlling weight to treating physician's opinion because claimant was noncompliant with prescribed treatment; if impairment can be controlled by medication, it cannot be viewed as disabling); and as the district court noted, Dr. Remer did not discourage Goetz from seeking work, and she drafted her RFC opinion eight months after the period to which it related.

Accordingly, we affirm, and we deny Goetz's motion to supplement the record with evidence that is unrelated to the period at issue here.

_____

-2-